| | | |
|---|---|---|
| BENTLEY A. HOLLANDER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 C 8151 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| HOSPIRA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bentley Hollander ("Hollander") filed suit against Hospira, Inc. ("Hospira") in a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. § 292(a). Specifically, Hollander alleges in his Amended Complaint that Hospira marked millions of medical products with seven expired and unenforceable patents and used these expired and unenforceable patents in its advertising. Hospira moves to dismiss for failure to adequately plead intent to deceive the public. For the following reasons, the Court grants Hospira's Motion to Dismiss and dismisses Hollander's Amended Complaint without prejudice.

## STATEMENT OF FACTS

The following facts are taken from Hollander's Amended Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

Hollander is an individual residing in Philadelphia, Pennsylvania. (Amd. Compl. ¶ 4.) Hospira is a Delaware corporation with its principal place of business in Lake Forest, Illinois that was incorporated as a wholly-owned subsidiary of Abbott Laboratories ("Abbott") in 2004. (*Id.* ¶¶

5, 9-10.)  Hospira develops, manufactures, and markets hospital products, pharmaceuticals, and medical delivery devices and had net global sales of $3.9 billion in 2009.  (*Id*. ¶¶ 11-12, 16.)

Hospira "knows, and reasonably should know" that patents confer certain benefits until their expiration, and that any assertion of patent protection after a patent's expiration is false and misleading.  (*Id*. ¶¶ 25-26.)  Hospira also "regularly review[s] and audit[s] its own lines of products to determine whether or not they are covered and protected by valid patents."  (*Id*. ¶ 31.)  Pursuant to its spin-off from Abbott, Hospira was assigned all assets and liabilities from Abbott's hospital products business including patents 4,344,472 ("the '472 Patent"); 4,368,765 ("the '765 Patent"); 4,614,267 ("the '267 Patent"); 4,614,515 ("the '515 Patent"); and 4,757,911 ("the '911 Patent").  (*Id*. ¶ 23.)  Hospira marks millions of products with one or more of these patents.  (*Id*. ¶ 24.)  In the course of its regular reviews, Hospira learned that the '472 Patent expired on August 17, 2001; the '765 Patent expired on December 12, 2000; the '267 Patent expired on December 23, 2003; the '515 Patent expired on November 21, 2005; and the '911 Patent expired on December 9, 2005.  (*Id*. ¶ 39.)  In short, the '472, '765, and '267 Patents expired before Hospira was incorporated and the '515 and '911 Patents expired soon after.  (*Id*. ¶¶ 40-41.)

Since 2005, Hospira has represented through annual filings to the SEC and its investors that most of its products "are not protected by patents or other proprietary rights" and that it "seeks to launch generic pharmaceutical products either where patent protection of equivalent branded products has expired, where patents have been declared invalid or where products do not infringe the patents of others."[1]  (*Id*. ¶¶ 32-35.)

---

[1] Though Hollander only provides excerpts of Hospira's SEC 10-k filings, the Court takes judicial notice of the SEC filings because they are central to Hollander's claims and referenced directly in his Amended Complaint.  *See, e.g., Stavros v. Exelon*, 266 F. Supp. 2d 833, 844 n. 8 (N.D. Ill. 2003) (court may take judicial notice of SEC filings without

Nonetheless, Hospira marketed 55 distinct articles—the products themselves or their package inserts—with the '472 Patent through July and August of 2008, at which point it discontinued this marking on 4 articles; Hospira continues to market 51 articles with the '472 Patent. (*Id*. ¶¶ 45-52.) Hollander alleges, upon information and belief, that Hospira continues to use the '472 Patent in its advertising. (*Id*. ¶ 56.) Similarly, Hospira marketed 40 distinct articles—the products themselves or their package inserts—with the '765 Patent through March 2007, at which point it discontinued this marking on 9 articles; Hospira continues to market 31 articles with the '765 Patent. (*Id*. ¶¶ 59-65.) Hollander alleges, upon information and belief, that Hospira continues to use the '765 Patent in its advertising. (*Id*. ¶ 67.) Hospira continues to market 7 distinct articles with the '267 Patent, 7 distinct articles with the '515 Patent, and 6 distinct articles with the '911 Patent; upon information and belief, Hospira also uses these patents in its advertising. (*Id*. ¶¶ 70-76, 79-87, 90-98.)

Since at least 2005, Hospira has manufactured Demerol, Lorazepam, and Metoprolol Tartrate, each of which is part of a product line that comprises several articles. (*Id*. ¶¶ 100-03.) Demerol, Lorazepam, and Metoprolol Tartrate are marked—directly or on their package inserts—with patents 5,158,554 ("the '554 Patent"), 5,171,234 ("the '234 Patent"), and 5,188,620 ("the '620 Patent"). The '234 Patent was declared unenforceable by the Federal circuit in 1998; the '554 Patent expired on October 27, 2004 and the '620 Patent expired on April 19, 2005, both for failure to pay maintenance fees. (*Id*. ¶¶ 106-08.) Hospira knew these patents were invalid yet it continued to mark these patents on the package inserts for Demerol, Lorazepam, and Metoprolol Tartrate and to use the patents in its advertising. (*Id*. ¶¶ 115-18.)

---

converting a motion to dismiss into one for summary judgment).

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *See Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 1949.

Rule 9(b) elevates the pleading requirements for allegations of fraud: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). A plaintiff meets the "particularity" standard if his Complaint points out the "who, what, when, where, and how" of the alleged fraudulent activity. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Fraud allegations based on "information and belief" are generally unable to satisfy the "particularity" standard, *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992), though "information and belief" allegations can satisfy the particularity requirement of Rule 9(b) "so long as (1) the facts constituting the fraud are not accessible to the

plaintiff and (2) the plaintiff provides 'the grounds for his suspicions.'" *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011).

## DISCUSSION

### I.      35 U.S.C. § 292

A § 292 claim requires the plaintiff to establish that the defendant marked its products with expired patents, with the intent to "deceiv[e] the public." 35 U.S.C. § 292.  The parties do not dispute that Hospira marked certain products and packages with expired patents.  Therefore, the Court need only determine whether Hollander has pled facts demonstrating that Hospira acted with the requisite intent to deceive.

### A.      Intent to Deceive

The Federal Circuit recently clarified that Rule 9(b)'s particularity requirement "applies to false marking claims and that a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." *In re BP Lubricants USA Inc.*, --- F.3d ----, 2011 WL 873147 at *1 (Fed. Cir. Mar. 15, 2011).  "[G]eneralized allegations rather than specific underlying facts" are insufficient to maintain a § 292 claim.  *Id*. at *3.  A plaintiff must "provide some objective indication to reasonably infer that the defendant was aware that the patent expired."  *Id*.  The complaint must allege facts "inferring that [the defendant] was aware of the patent's expiration."  *Id*.  To that end, plaintiffs may, for example, identify "actual individuals" who knew that the patent had expired, "allege that the defendant sued a third party for infringement of the patent after the patent expired," or allege that the defendant "made multiple revisions of the marking after expiration."  *Id*. at *4.

In *BP Lubricants*, the Federal Circuit found insufficient plaintiff's generalized claims that

5

the defendant knew or should have known that its patents had expired; that the defendant was a sophisticated company with experience applying for, obtaining, and litigating patents; and that the defendant falsely marked its products with the purpose of deceiving the public and its competitors. *See id*. at *1. The Federal Circuit reiterated that "[t]he bar for proving deceptive intent [in false marking cases] is particularly high." *Id*. at *4 (quoting *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362-63 (Fed. Cir. 2010). Moreover, "bare assertion[s]"—for example, that a defendant is a sophisticated company with patent experience—"provide[] no more of a basis to reasonably distinguish a viable complaint than merely asserting the defendant should have known the patent expired." *Id*. As such, bare assertions "are not entitled to an assumption of truth at any stage in litigation." *Id*.

Therefore, as an initial matter, Hollander's repeated statements that Hospira is a "sophisticated" entity that "should have known" that several of its products contained false patent markings, that its intent was to deceive its customers and competitors, and that it had vast experience litigating, challenging, and filing patents, are insufficient to state a § 292 claim. *See id*. at *1. Hollander attempts to circumvent the heightened pleading requirements by stating conclusively that Hospira had a "practice" and "routine" of reviewing its patent portfolio, pursuant to which it realized that several of its patents were expired or invalid. (Amd. Compl. ¶ 33.) These conclusory allegations, however, do not satisfy the heightened specificity required by *BP Lubricants* and Rule 9(b). *See In re BP Lubricants*, 2011 WL at *1; *see, e.g., Heathcote Holdings Corp., Inc. v. Crayola LLC*, 2010 WL 5149343 at *2 (N.D. Ill. Dec. 10, 2010) (Hart, J.) (granting motion to dismiss where plaintiff failed to allege specific "procedures . . . for checking on the continued pendency of patents"). Hollander's attempts to support his claims with Hospira's SEC filings and the fact that

Hospira twice adjusted the markings on certain products using the '472 and '765 Patents, are similarly flawed because they do not allege objective facts or supporting indicia that Hospira acted with the intent to deceive. *See In re BP Lubricants*, 2011 WL at *1.

Hollander's reliance on *Hollander v. Ortho-McNeil-Janssen Pharms., Inc.*, is also unavailing. 2011 WL 1288676 (E.D. Pa. Apr. 5, 2011) (Buckwalter, S.J.). In *Ortho-McNeil-Janssen*, the plaintiff alleged that the defendant pharmaceutical manufacturer was put on notice of its expired patents by multiple lawsuits and the actions of competitors attempting to manufacture generic versions of the defendant's products; the defendant, however, continued to publish new packaging using the expired patent numbers. *See, e.g., id*. at *4. Similarly, in *Hollander v. B. Braun Med., Inc.*, the plaintiff survived a motion to dismiss only on the counts where the defendant updated its product packaging "multiple times" after the expiration of a patent and was put on notice by the filing of a lawsuit that its patents had expired. 2011 WL 1376263 at *4 (E.D. Pa. Apr. 12, 2011) (McLaughlin, J.) (finding that "allegations of multiple product packaging updates, particularly where such allegations are coupled with 'other indicia of the defendant's knowledge of a patent's expiration,' have been deemed sufficient to establish intent to deceive.") (internal citation omitted).

Here, in contrast, Hollander does not allege that Hospira was put on notice of its expired patents by lawsuits or the actions of competitors. Nor does Hollander allege that the few instances of updated packaging were coupled with other indicia of Hospira's knowledge that its products were falsely marked. *See, e.g., id*. at *3 ("allegations of a single packaging update in 2008 are insufficient to establish intent to deceive. The plaintiff has pled no facts indicating that the defendant had actual knowledge that its patents had expired and purposefully decided to mark its products with an expired patent.").

Moreover, the majority of statements in Hospira's SEC filings that Hollander relies on relate to Hospira's awareness of the expiration dates of its competitors's patents, not its own patents. Hospira's reference to its many products that are not protected by patents or other proprietary rights is not specific enough to impute knowledge of the individual falsely marked patents asserted in the Amended Complaint. *See In re BP Lubricants*, at *4 (assertions effectively stating that defendant is a sophisticated company with extensive patent experience are insufficient because they amount to arguments that the defendant "should have known" its patents had expired). Accordingly, the Court finds that Hospira's statements in its SEC filings that most of its products "are not protected by patents or other proprietary rights" and that it "seeks to launch generic pharmaceutical products either where patent protection of equivalent branded products has expired, where patents have been declared invalid or where products do not infringe the patents of others" do not indicate an intent to purposely mislabel its own products.

To the extent that Hollander attempts to hold Hospira liable for false marking in its advertising, those claims are not pled with the required specificity.[2] Advertising, in the context of false marking claims, "is the act of calling something to the attention of the public, especially by means of printed or broadcast paid announcements." *Hollander v. Timex Group USA, Inc.*, 2011 WL 1399806 at *5 (E.D. Pa. Apr. 13, 2011) (Schiller, J.) (finding that defendant's instruction manuals carrying false markings did not constitute advertisements in the § 292 context because they were 'invisible until the product is purchased and the packaging opened.'") (quoting *Oakley, Inc. v. Bugaboos Eyewear Corp.*, --- F.Supp.2d ----, 2010 WL 5173678 at *7 (S.D. Cal. Dec. 15, 2010)

---

[2] The Court does not consider the websites referenced in Hollander's Response because they were not a part of the Amended Complaint. *See Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) (a party opposing a motion to dismiss may not amend the complaint by way of arguments made in a brief).

(Sanmartino, J.) (finding that warranty cards found inside the product's packaging are not "advertising"because "they are not used to call something to the attention of the public"). Here, Hollander has failed to plead facts with 9(b) specificity that Hospira's falsely marked products carried visibly false advertising.

Therefore, the Court finds that Hollander has failed to plead Hospira's intent to deceive with the requisite specificity.

## CONCLUSION AND ORDER

For the reasons stated, the Court grants Hospira's Motion to Dismiss and dismisses Hollander's Amended Complaint without prejudice for failure to plead intent to deceive with the specificity required by Rule 9(b) and *BP Lubricants*. Because *BP Lubricants* was issued after Hollander filed his Amended Complaint, the Court grants Hollander 30 days to file a Second Amended Complaint that comports with this Order and current precedent regarding the appropriate pleading standard for § 292 cases.


So ordered.


_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: May 12, 2011