# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8151 | **DATE** | 10/27/2011 |
| **CASE TITLE** | Hollander vs. Hospira, Inc. | | |

**DOCKET ENTRY TEXT**

For the following reasons, the Court grants Hospira's Motion to Dismiss and dismisses Hollander's Second Amended Complaint with prejudice.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff Bentley Hollander ("Hollander") filed suit against Hospira, Inc. ("Hospira") in a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. § 292(a). Specifically, Hollander alleged in his Second Amended Complaint that Hospira marked millions of medical products with seven expired and unenforceable patents and used these expired and unenforceable patents in its advertising. Hospira moves to dismiss for failure to state a claim and for lack of standing. For the following reasons, the Court grants Hospira's Motion to Dismiss and dismisses Hollander's Second Amended Complaint with prejudice.

    On September 16, 2011, the President signed into law the Leahy-Smith America Invents Act. *See* Leahy-Smith America Invents Act, Pub. L. 112-29, 125 Stat. 284 (2011). Section 16 of the Act makes substantial amendments to 35 U.S.C. § 292, which is the sole legal basis for Plaintiff's lawsuit. Among the amendments to 35 U.S.C. § 292 include (1) amending § 292(a) so "[o]nly the United States may sue for the penalty," (2) amending § 292(b) so those with a "competitive injury" may file a civil action, and (3) adding an additional subsection that reads: "(c) The marking of a product, in a manner described in subsection (a), with matter relating to a patent that covered that product but has expired is not a violation of this section." *Id*. The statute notes that the amendments made shall apply to all cases that are pending on or commenced on or after the Act's date of enactment, which was September 16, 2011.

    In his briefings, Hollander concedes that he has suffered no competitive injury. *See* Doc. 66, Hollander's Response to Supplemented Motion to Dismiss the Second Amended Complaint; Doc. 48, Hollander's Second Amended Complaint. Hollander's failure to allege a competitive injury requires the Court to dismiss Hollander's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Consequently, the Court dismisses Hollander's *qui tam* action with prejudice.

    Further, due to the changes to § 292 that require a private party to have suffered competitive injury to bring a claim for false marking, Hollander now lacks standing and dismissal pursuant to Rule 12(b)(1) is

**STATEMENT**

also appropriate. Because Hollander lacks standing, the Court lacks subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 568 n.4 (1992) ("[A]ny defendant . . . can dispel jurisdiction by conceding the merits (and presumably thereby suffering a judgment) or by demonstrating standing defects."). The Court's ruling is without prejudice as to his potential claim against the United States in the United States Court of Claims for the value of his vested property interests that he alleges were unconstitutionally confiscated by virtue of the retroactivity provisions of the America Invents Act.